## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

### BANKRUPTCY DIVISION
### ST. THOMAS & ST. JOHN

IN RE:

NOLASCO COMMUNICATION, INC.          CASE NO. 3:17-BK-30004-MFW

### MOTION TO SELL AT PRIVATE SALE

The Trustee and ACE Insurance Company, now known as Chubb Insurance Company, (ACE"), jointly move pursuant to Section 363 of the United States Code, 11 U.S.C. §§ 101-1530 (as amended and supplemented, the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure, for an order to approve the sale of the property described below, and state:

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    There is no creditor's committee and ACE is the only creditor who attended the 341 meeting or has participated in the proceeding beyond the filing of a notice of claim.

3.    The property to be sold ("the Property") is the Debtor's cause(s) of action against Bonneville Group Virgin Islands Corporation ("Bonneville"), which is pending in the Superior Court of the Virgin Islands, St. Croix Division, as Case No. SX-15-CV-220. A copy of the complaint in that matter is attached as Exhibit A. The

Property includes any unasserted causes of action against Bonneville that are capable of being asserted in Case No. SX-15-CV-220.

4.    ACE is the prospective purchaser.

5.    A copy of the purchase agreement to be used to consummate the sale is attached as Exhibit B.

   a.    The contingencies to the sale are that Case No. SX-15-CV-220 not have been dismissed at the time the sale is completed.

6.    The Property o be sold is imperiled because the Debtor's counsel has withdrawn as counsel of record from as Case No. SX-15-CV-220 and there are presently two *unopposed* motions pending in that case to dismiss the cause of action, including a motion to dismiss for failure to prosecute the case that has been pending since June 11, 2018.

### VALUATION OF THE PROPERTY

7.    At the time it filed its petition in this matter, the Debtor described the claim against Bonneville as an account receivable that was "doubtful or uncollectible." *See* Schedule A/B, Doc. No. 7 at 2.

8.    On January 12, 2018, the Trustee reported to this Court that "Based on questioning of both the Debtors representative and counsel and a review of the Debtor['s] available financial records, it is clear that the Debtor has no assets that can be liquidated for the benefit of the creditors." The Trustee advised the Court at that time that he intended to file a Report of No Distribution." *See* Doc. No. 10.

9.  Other than ACE, no party or creditor filed an objection to the Trustee's status report or his statement that he intended to file a Report of No Distribution.

10. Because Case No. SX-15-CV-220 is in imminent danger of being dismissed, it is not practical to delay a sale so that the cause of action may be advertised and then auctioned, particularly when no one other than ACE has expressed an interest in the cause of action in the two years since the bankruptcy petition was filed.

11. Further, the cause of action is unique and a value cannot reasonably be assigned to it through a normal appraisal process.

### THE PROPOSED TRANSACTION IS AN ARMS' LENGTH TRANSACTION

12. The known relationship between ACE and its insiders and the Debtor and its insiders or the Trustee are as follows:

    a.   ACE holds an arbitration award against the Debtor totaling $2,645,782.93.

    b.   There are no other known relationships.

13. Neither the Debtor or its insiders nor the Trustee will have any relationships with ACE after the sale.

14. Over the last two months, after ACE learned of the Trustee's intent to file a Report of No Distribution,  ACE made an offer to purchase the Property and engaged with the Trustee in negotiations aimed at reaching an agreement for a private sale of the asset. When it appeared that those negotiations had reached an impasse and ACE advised the Trustee that it intended to move file a motion seeking a court order to sell the Property, the Trustee made a new counteroffer

that required ACE to increase its prior offer. ACE agreed to this counteroffer, which set the purchase price at $15,000.

15. A private sale is also desirable as it minimizes the administrative costs of a sale and an auction is unlikely to garner competing bids that would offset the administrative costs of the auction

16. On information and belief, none of the claims asserted in this bankruptcy proceeding are liens against the Bonneville Causes of Action or any recovery that might be achieved thereunder.

17. In accordance with 11 U.S.C. § 363(f), the sale will be free and clear of all claims scheduled by the Debtor or filed by any claimant with this Court; however, any affected Property interest such as a lien or other interest (to the extent any exist) would be transferred to the proceeds of the sale with the same force, effect, validity and priority that such Property interest had against the assets sold.

18. As a practical matter, none of the claims scheduled by the Debtor or filed by any claimant with the Court are believed to constitute a lien or other interest against the Property.

## RELIEF REQUESTED

19. Movants seeks entry of an order pursuant to Section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the sale of the Property free and clear of all liens, claims, interests, and encumbrances pursuant to sections 363(b) and 363(f) of the Bankruptcy Code to ACE.

## BASES FOR RELIEF REQUESTED

**A.  A SOUND BUSINESS PURPOSE EXISTS FOR A UTHORIZING THE SALE OP THE PROPERTY PURSUANT TO SECTIONS 363(B).**

20.    Section 363(b) of the Bankruptcy Code provides, in relevant part, that a "trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363(b) applies in Chapter 7 cases. *In re Engstrom*, 33 B.R. 369, 372 (Bankr. D.S.D. 1983) The standard for approval of the sale of property of the estate is whether the Debtors can demonstrate a "sound business purpose" for the proposed transaction. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the Debtors to show that a sound business purpose justifies such actions.") (citing *In re Lionel Corp.*, 722 F.2d 1063, I 071 (2d Cir. 1983) (the "sound business purpose" test applies to the sale of assets under 363(b)); *In re Stroud Food*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); I*n re Big Shanty Land Corp.*, 61 B.R. 272, (Bankr. N.D. Ga. 1985); *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984) (showing does not have to be exhaustive).

21.    In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a "business judgment test."  *In re Montgomery Ward*

*Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999). Under the "sound business purpose" standard, a Debtor's business decision should be approved unless it is the product of bad faith, whim, or caprice. *In re Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

22.    Although the Debtor is not proposing the sale of the asset in this case, the proposed sale of the Bonneville Causes of Action pursuant to auction as outlined in this motion nevertheless meets the business judgment test. First, the Debtor is not operating; is allowing the Property to waste; and considers the Property to be uncollectible. Second, whereas prior to ACE's offer, the Trustee was prepared to issue a Report of No Distribution, their will now be $15,000 available to be distributed.

23.    For these reasons, ACE a "sound business purpose" exists for the proposed auction and sales procedures.

   **B.    THE "GOOD FAITH" REQUIREMENT FOR THE APPROVAL OF A SALE OUTSIDE OF THE ORDINARY COURSE OF BUSINESS IS MET HERE.**

24.    The "good faith" requirement for the approval of a sale outside the ordinary course of business is met here. *See In re Abbotts Diaries*, 788 F.2d 143 (3d Cir. 1986); *In re Snyder*, 74 B.R. 872 (Bankr. E.D Pa. 1987). The issue of good faith in connection with the sale outside the ordinary course of business focuses principally on the element of special treatment of the Debtor's insiders in the sales transactions and related transactions. *In re Industrial Valley Refrigeration & Air Conditioning Supp., Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987).

25.   In this case, the proposed terms of the sale do not anticipate any accommodation to insiders and there are no known relationships between ACE and the Debtor (or their respective insiders) that suggest that the sale is not being made in good faith. Accordingly, there are no "good faith" issues with respect to the sale of the asset outside the ordinary course of business. *In re Coastal Indus., Inc.*, 63 B.R. 361 (Bankr. N.D. Iowa 1986).

**C.   THE SALE SATISFIES THE REQUIREMENTS OF SECTION 363(F) OF THE BANKRUPTCY CODE FOR A SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS.**

26.   The sale of the asset will be free and clear of all liens, claims, interests and encumbrances (to the extent there are any) because the requirements of Section 363(f) of the Bankruptcy Code have been satisfied. Under Section 363(f), a trustee may sell property free and clear of any lien, claim, interest, or encumbrance in such property if, among other things:

-   applicable non-bankruptcy law permits sale of such property free and clear of such interest;

-   such entity consents;

-   such interest is a lien and the price at which such property is sold is greater than the value of the lien;

-   such interest is in bona fide dispute; or

-   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

27. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. *Id.* (the word "or" connects the requirements). Thus, satisfaction of any one of the requirements enumerated permits a Debtor to sell property free and clear of liens, claims, encumbrances, and other interests *Id.*; *In re Elliot*, 94 B.R. 343 (E.D. Pa. 1988) (section 363(f) is written in the disjunctive; court may approve sale "free and clear," provided at least one of the subsections is met).

28. Here, the movants have identified the claims, encumbrances and interests that are the subject of the free and clear sale as:

> all claims scheduled by the Debtor or filed by any claimant with
> this Court

An examination of those claims demonstrates that they the Property could be sold free and clear of those interests because non-bankruptcy law would permit such a sale (because, as a matter of law, those claims do not give rise to any claim against the Property).

### SALE PROCEDURES

29. Under Fed. R. Bankr. P. 6004(f)(1), property of the estate may be sold outside the ordinary course of business by private sale.

30. Objections to the sale or this motion must be filed on or before February 5, 2019. As set forth in Fed. R. Bankr. P. 6004(b) all objections are governed by Bankr. Rule 9014.

31. In accordance with Local Bankruptcy Rule 6004-1.C, higher or better bids may form the basis for an objection to the motion and may be considered by the Court at the sale hearing.

32. In accordance with LBR 6004-1.D, "If no objection to a sale motion is filed within twenty-one (21) days of the filing of the motion, the Court may approve the sale without further notice or hearing."

33. The hearing date will be November 12, 2019 at 10:00 a.m. AST at the Ron de Lugo Fed. Bldg. & Courthouse, 5500 Veteran's Drive, Suite 310, St. Thomas, Virgin Islands 00802-6424.

## NOTICE PROCEDURES

34. The selling price of the Property is less than $50,000. In compliance with LBR 6004-1.E, the Trustee shall advertise the sale by publication in Virgin Islands Daily News no more than 21 days (*i.e* on or after January 22, 2019) nor less than 7 days (*i.e.* on or before February 5, 2019) before the February 12, 2019 hearing date.

35. By agreement between the movants, ACE will cause the publication of the advertisement on the Trustee's behalf.

36. The Notice of Sale shall be sent to the parties set forth in Local Bankr. Rule 6004-1.E.1. Of the entities listed in that Rule, Fed. R. Bankr. P. 2002(j) is inapplicable and there is/are no:

a. trustee's counsel or chapter 13 trustee;

b.   indenture trustee or counsel for same;

c.   lien holders

d.   committees appointed pursuant to the Code.

37. The Notice of Sale served on parties and published as required shall be in substantially the format attached as Exhibit C and will include the information required by LBR 6004-1.E.4.

38. Movants will file proof of publication and proof of service in accordance with LBR 6004-1.E.5.

WHEREFORE, movants respectfully request that the Court enter an order authorizing the sale of the Property as set forth above. A proposed Order is attached as Exhibit D.

**Dated**: January 19, 2019                                    Respectfully submitted,


   /s/ Keven F. D'Amour                          /s/ Andrew C. Simpson
By:  Kevin F. D'Amour, Trustee          By:    Andrew C. Simpson
5143 Palm Passage                             VI Bar No. 451
Suites 18B & 19B                              **ANDREW C. SIMPSON, P.C.**
St. Thomas, VI 00802                          2191 Church Street, Suite 5
340.774.8188                                  Christiansted, VI 00820
                                              Tel: 340.719.3900
                                              asimpson@coralbrief.com

                                              Attorneys for Ace Insurance Co.


## CERTIFICATE OF SERVICE

I certify that on January 22, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing to:

Benjamin A. Currence
Benjamin A. Currence P. C.
P.O. Box 6143
St. Thomas, VI 00804-6143
(340) 775-3434
Counsel for the Debtor

Kevin F. D'Amour
Kevin F. D'Amour, P.C.
5143 Palm Passage
Suites 18B & 19B
St. Thomas, VI 00802
340.774.8188

The United States Trustee

By:    /s/Andrew C. Simpson
       Andrew C. Simpson