IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NOLASCO COMMUNICATIONS, INC. ) | CIVIL NO.: SX15-CV-220 |
| ) | 15 JUN 15 P1:14 |
| Plaintiff, ) | |
| ) | ACTION FOR BREACH OF |
| vs. ) | CONTRACT, ACTION TO |
| ) | RECOVER MONEY, ACTION |
| BONNEVILLE GROUP VIRGIN ISLANDS ) | FOR DAMAGES |
| CORPORATION ) | |
| ) | |
| ) | |
| Defendant ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Nolasco Communications, Inc., (hereinafter referred to as Nolasco), through the undersigned counsel and respectfully files its Complaint against Bonneville Group Virgin Islands Corporation, and states, alleges and prays, as follows:

1.) That Plaintiff, Nolasco, is a United States Virgin Islands corporation, authorized to do and doing business in the United States Virgin Islands, and at all times pertinent to this matter had a St. Thomas postal business address of P.O. Box 11747, St. Thomas, VI 00801, a St. Thomas physical address of Bay 7 1A Gasverks Gate, St. Thomas, VI 00802, and a St. Croix physical business address of 4035 Pepper Tree Terrace, St. Croix, VI 00820.

2.) That made a Defendant herein is Bonneville Group Virgin Islands Corporation, (hereinafter refered to as BGVI), a United States Virgin Islands corporation, authorized to do and doing business in the United States Virgin Islands, and which has/had at all times pertinent to this matter, as its Virgin Islands postal business address P.O. Box 3680, Kingshill Station, St. Croix, 00851 and its physical business address as 36 La Grande Princesse, Christiansted, VI 00820. The President of the aforesaid Defendant corporation is Mr. Stephen Spears.

3.) That this Honorable Court has jurisdiction of this matter pursuant to 4 V.I.C. §76. et seq.

4.) That Plaintiff, Nolasco, is a business entity/corporation, which is/was authorized to

**Exhibit A**

Exhibit A    Superior Court Complaint    Page 2 of 7

conduct the business of constructing infrastructure for the installation of fiber optic communication systems, cable coax and HFC systems under licenses #2-14805-2L in St. Croix and under #1-14805-1L in St. Thomas.

5.)    That Defendant BGVI had subscribed/entered into an agreement/contract with Innovative Communications Corporation, (hereinafter referred to as ICC), to perform certain labor and to furnish certain material for the construction of a telecommunications project, referred to as the HFC PROJECTS ST. THOMAS USVI.

6.)    Thereafter, on November 1, 2011, Defendant BGVI, entered into a Subcontract Agreement with Plaintiff, Nolasco, to perform the above-referenced construction of a telecommunications project for ICC, as Nolasco had, at that time, over sixteen (16) years of experience in the business of constructing infrastructure for the installation of fiber optic communication systems, cable coax and HFC systems.

7.)    Pursuant to the November 1, 2011 Subcontract Agreement between the Plaintiff and the Defendant, Plaintiff agreed to provide, **at its own cost**, all equipment, labor, manpower, and necessary expertise to complete the HFC PROJECTS ST. THOMAS, USVI construction work on both St. Thomas and St. Croix, all under the direction of and to the satisfaction of the Defendant BGVI and/or authorized representatives in charge of the work.

8.)    The Subcontract Agreement states in its first clause ( entitled **PAYMENTS**), that Defendant BGVI was to pay to Plaintiff Nolasco "for the satisfactory completion of the herein described work, the sum equal to unit prices referenced above based upon the quantity of units completed and installed." This first clause also mandates that "Partial payments will be made to the Subcontractor every 30 calendar days in an amount equal to ninety percent (90%) of the value of work completed" in accordance with estimates/invoices prepared by the Plaintiff Subcontractor and approved by the Defendant Contractor. This clause further provides that the remaining ten (10%) shall be held as retainage and shall be disbursed to Plaintiff Subcontractor within ten (10) days of receipt by the

**Exhibit A**

Contractor of its retainage from ICC.

9.) Pursuant to the Subcontract Agreement, Plaintiff rendered the afore-described construction services to the Defendant on both St. Croix and St. Thomas.

10.) Also pursuant to the Subcontract Agreement, Plaintiff submitted invoices to BGVI for the contractual services rendered/work performed, to that Defendant. Defendant, at no time during the period during and/or after the performance of the construction work performed by Plaintiff objected to, opposed, denied or rejected any aspect of the invoices and/or the services/work for which the invoices were so rendered.

11.) At all times during the duration of the Subcontract Agreement between Plaintiff and Defendant, Plaintiff performed and complied with the terms, conditions and specifications required by and in accordance with the Subcontract Agreement. Furthermore, all of the work and services rendered by Plaintiff were produced as requested/described in the Subcontract Agreement in a timely and satisfactory manner and in accordance with any and all instructions/directions/supervision made by Defendant BGVI. And, at no time has Defendant BGVI expressed any dissatisfaction nor has it ever alleged that there were any problems/defects with any of the work/services performed and/or with the invoices submitted.

12.) Notwithstanding the terms of the Subcontract Agreement, Defendant, BGVI, has failed to pay invoices submitted by Plaintiff, Nolasco, since November 2011, in clear defiance/breach of its contractual duty. Thus, to date, BGVI owes Plaintiff Nolasco the amount of $1,503,183.13 in unpaid invoices for contractual work satisfactorily performed.

13.) And, although BGVI has failed to comply with its legal/contractual obligation to pay Plaintiff for its labor, equipment, manpower and/or all of its work/services, Plaintiff Nolasco successfully fulfilled and completed the labor/services that it was so subcontracted to perform, which work was performed with both BGVI and ICC's approval.

14.) Numerous collection attempts have been made by Plaintiff in good faith prior to the

**Exhibit A**

filing of this claim. Nevertheless, no payments have been made by BGVI although the aforementioned amount is past due, owing and unpaid.

15.) As a direct result of BGVI's willful actions of refusing/failing to pay Plaintiff for its labor since 2011, and due to the fact that Plaintiff paid for its own manpower, equipment and all other expenses connected with performing its subcontractual duties of the subject construction project, Plaintiff's working capital loss amounts to in excess of $2,000,000.00.

## CAUSES OF ACTION: BREACH OF CONTRACT AND ACTION REQUESTING RECOVERY OF MONIES OWED

16.) The preceding paragraphs of this Complaint are literally incorporated herein and are made part of this section.

17.) Reiterating, Defendant BGVI entered into a Subcontract Agreement with Plaintiff Nolasco because of Nolasco's expertise and sixteen (16) years of experience in the business of constructing infrastructure for the installation of fiber optic communications systems, cable coax and HFC systems, and Plaintiff did in fact provide all equipment, labor and manpower and expertise necessary for the completion of the aforementioned HFC Project St. Thomas, under the direction and to the satisfaction of Defendant BGVI and/or authorized representatives.

18.) Plaintiff Nolasco adhered to and fully performed all of the conditions, duties and specifications set forth in the Subcontract Agreement, whereas Defendant BGVI, has not fulfilled its duties/obligations under this Subcontract Agreement, i.e., by not compensating Plaintiff for its work and services performed/provided. Thus, BGVI is in breach of its constractual agreement/duty to comply with the terms of the Subcontract Agreement.

19.) That this was a willful breach of contract on the part of Defendant BGVI, i.e., failing to perform/fulfill its duty to pay, in good faith, its obligation to Plaintiff for its labor and services and expenses incurred pursuant to the terms of the Subcontract Agreement.

**Exhibit A**

20.) As a result, BGVI's breach of this Subcontract Agreement, which was based upon and/or which stated essential mutual obligations/duties of both of the contractual parties, renders the Subcontract void. Therefore, Plaintiff prays that this Honorable Court rescind and/or refuse to enforce, any and all other mutual obligations/terms of the Subcontract Agreement, including, but not limited to, Paragraph 6 of the Subcontract Agreement, which arguably may or may not contain an arbitration clause that is applicable to this matter. Further, in view of the fact that the Subcontract Agreement is void due to this essential breach of contract occasioned by the subject nonpayment, the remaining accessory terms of this contract (most particularly, any possible arbitration clauses), should not be enforced. Enforcement of same would work an unreasonable and unjust hardship upon Plaintiff.

21.) Upon information and belief, there is/was a dispute between BGVI and ICC, wherein ICC has alleged that BGVI submitted, including, but not limited to, overbilled invoices to ICC, which upon information and belief has caused there to be "issues/problems" with payments from ICC to BGVI, pursuant to those parties' contract, and/or upon information and belief, payments may have been made by ICC to BGVI, and BGVI refused to then pay Plaintiff.

22.) Moreover, both Defendant and ICC, aware of the breach of contract between Plaintiff and Defendant, have entirely disregarded the Plaintiff's failure to be paid for work and services performed and its concurrent working capital losses in this matter, while at the same time benefitting economically from the outstanding labor completed by Plaintiff.

23.) Plaintiff prays for relief for its damages incurred due to all of the foregoing acts/inactions and/or breaches of contracts/duties by Defendant.

### SECOND CAUSE OF ACTION: DAMAGES

24.) The preceding paragraphs are literally incorporated herein and are made part of this section.

25.) The damages caused to and suffered by Plaintiff as a result of BGVI's intentional breach

Exhibit A

of its Subcontract Agreement with Plaintiff and/or as a result of BGVI's alleged overbilling of ICC, either/both of which actions have inured to the benefit of BGVI and/or ICC, and have resulted in Plaintiff not being paid the sum of $1,503,183.13 that it properly billed BGVI for the contractual work that Plaintiff performed, and has also resulted in the massive loss of working capital. This loss of working capital and/or failure to pay for the work performed has placed an oppressive and onerous burden on Plaintiff, has caused all company business to come to almost a standstill, and threatens the continued economic life of Plaintiff. These working capital losses are believed to be in excess of $2,000,000.00.

25.) Plaintiff is thus entitled to recover from the Defendant BGVI this $2,000,000.00 working capital loss and the $1,503,183.13 unpaid pursuant to the Subcontract Agreement between the parties due to BGVI's breach of contract, and any other damages as allowed by law, and prays this Honorable Court to grant such relief.

**WHEREFORE,** Plaintiff, Nolasco respectfully prays for judgment against Defendant, BGVI in the following particulars:

a.) Damages for the $2,000,000.00 subject working capital loss and resultant harm to Plaintiff's business.

b.) Damages in the amount of $1,503,183.13, which is the amount currently due and owing for the subject contractual work performed by Plaintiff, plus legal interest, and/or for any other amounts incurred due to this default in payment by BGVI.

c.) Rescission of any of the accessory obligations/duties set out in the Subcontract Agreement, and/or of Paragraph 6 of that Agreement, pertaining in any manner to any alleged duty to submit this matter to arbitration.

d.) Reasonable monetary awards for attorney's fees and all other costs of this litigations.

e.) Judicial interest on all amounts awarded.

Exhibit A

f.) Any and all other relief to which Plaintiff may be entitled to as a matter of law.

DATED: 6/12/15

Respectfully submitted,

*Anna M. Washburn*
ANNA M. WASHBURN, ESQ.
Attorney for Plaintiff Nolasco
P.O. Box 222515
Christiansted, VI 00822
Telephone: (504)331-0850
Email: Annawashburnesq@gmail.com

**Exhibit A**