## Asset Purchase Agreement

This Asset Purchase Agreement ("the Agreement") is entered into and effective on the date set forth below between Kevin F. D'Amour, solely in his capacity as Bankruptcy Trustee in the matter entitled In re Nolasco Communication, Inc. that is pending in the District Court of the Virgin Islands, Bankruptcy Division under Case No. 3:17-BK-30004-MFW ("Seller") and ACE Insurance Company n/k/a Chubb Insurance Company, ("Buyer").

Whereas Nolasco Communication, Inc. ("Debtor") has ceased doing business and filed Chapter 7 bankruptcy proceedings in the District Court of the Virgin Islands, Bankruptcy Division under Case No. 3:17-BK-30004-MFW;

Whereas Seller was appointed as the bankruptcy trustee in the Debtor's bankruptcy proceeding;

Whereas, in accordance with 11 U.S.C. § 704(a)(1), Seller acquired ownership of all of the pre-petition interests of the Debtor as the representative of the bankruptcy estate;

Whereas, one of the Debtor's pre-petition interests was a cause (or causes) of action against Bonneville Group Virgin Islands Corporation ("Bonneville") relating to contractual work the Debtor did for Bonneville;

Whereas, the Debtor sued Bonneville in the Superior Court of the Virgin Islands, Division of St. Croix in a matter assigned Case No. SX 15-CV-220 and entitled Nolasco Communications, Inc. v. Bonneville Group Virgin Islands Corporation ("the Property");

Whereas, Buyer anticipates that the District Court of the Virgin Islands, Bankruptcy Division will enter an order authorizing the private sale of the Property to Buyer;

Whereas, Andrew C. Simpson has entered an appearance in the Debtor's bankruptcy proceeding and by signing the Agreement represents that he is authorized to make enter into the Agreement as agent for, and on behalf of, Buyer.

Now, therefore, the parties agree as follows:

1. Subject to the terms and conditions set forth herein and pursuant to Sections 105 and 363 of the Bankruptcy Code, at the Closing, but subject to Paragraph 8 of this Agreement, Seller will sell, assign, transfer, convey, and deliver to Buyer (or any Person designated by Buyer), and Buyer will purchase from Seller, free and clear of any claim, pledge, lien (statutory or other), interest or other similar encumbrance, all of Sellers' right, title and interest in, to, and

**Exhibit B**

      under the following Bonneville Cause of Action.

2. No other asset other than that set forth in Paragraph 1 is sold.

3. Buyer does not assume any liabilities of Debtor.

4. The purchase price of the Property is $15,000.00, which shall be paid within 21 days of the effective date.

5. Closing of the sale shall occur simultaneously with the payment of the purchase price.

6. Buyer shall not be responsible for the payment of any sales tax or related tax on the sale of the Property (if any).

7. At the closing, the Seller shall deliver to the Buyer a bill of sale for the Property and a stipulation, suitable for filing in the Superior Court of the Virgin Islands, indicating that Buyer is now the sole owner by purchase and assignment, of the Property.

8. The Property is sold "AS IS, WHERE IS." However, if the Property has been dismissed at the time of the closing, Buyer, at its option, shall not be obligated to complete the sale and shall receive a full refund of the purchase price.

9. The Seller will not take any action to settle, dismiss, or otherwise compromise the Property prior to closing.

10. The sale of the Property is free and clear of free and clear of all claims scheduled by the Nolasco Communication, Inc. or filed by any claimant in the case filed in the Bankruptcy Division (St. Thomas) of the District Court of the Virgin Islands under the caption "In re: Nolasco Communication, Inc." (Case No. 3:17-bk-30004-MFW).

11. If, at any time prior to closing, Seller becomes aware of any fact or circumstance that had, or could reasonably be expected to have, a material adverse effect upon the Property, then Seller shall promptly notify Buyer of same, in writing.

12. Notwithstanding any other provision of the Agreement, the Agreement is subject to approval by the Bankruptcy Court and the consideration by Sellers of higher or better competing bids.

13. If the Property is sold to anyone other than Buyer, then Seller shall reimburse Buyer from the proceeds of such sale the expenses Buyer paid to provide notice of the sale, including the publication of the notice of sale.

**Exhibit B**

14. The effective date of this Agreement for the purposes of binding Buyer shall be the date that the Bankruptcy Division enters an order approving the sale of the Property to Buyer.

In witness whereof, the parties hereto have caused the Agreement to be executed on the dates indicated below.

| BUYER | SELLER |
|---|---|
| ACE Insurance Company n/k/a Chubb Insurance Company | Kevin F. D'Amour as trustee |
| _____ | _____ |
| Andrew C. Simpson<br>Authorized Agent | Kevin F. D'Amour<br>Trustee |

**Exhibit B**